(91 Misc. Rep. 623)

TIETZ v. WILLIAMS et al.

(Supreme Court, Special Term, New York County.    September, 1915.)

MUNICIPAL CORPORATIONS &=993—TAXPAYERS' ACTION—INJUNCTION PENDENTE LITE.

Where, in a taxpayer's action to enjoin the commissioner of water supply, gas, and electricity from paying any bills of the defendant street-lighting company in excess of the reasonable value of its services, and to require such company to refund to the city money received by it in excess of that earned, the only relief demanded on plaintiff's motion for an injunction pendente lite is that the commissioner be enjoined from auditing and certifying for payment any bills theretofore presented by the lighting company for services in lighting streets, plaintiff asserting that such bills are excessive and fraudulent, and that there is danger that they will be audited, approved, and certified by the commissioner, to the damage of the city, and where such allegations are denied, and it appears that no powers are vested in the commissioner which the order sought could affect, the motion will be denied.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2158–2161; Dec. Dig. &=993.]

Action by Francis D. Tietz against William Williams, Commissioner of Water Supply, Gas and Electricity of the City of New York, and others, wherein plaintiff applies for injunction pendente lite. Application denied.

Order affirmed, 155 N. Y. Supp. 1144.

Frank R. Greene, of New York City, for plaintiff.

Louis H. Hahlo, Acting Corp. Counsel, of New York City (Edward S. Malone, of New York City, of counsel), for defendants Williams and City of New York.

Hatch & Sheehan, of New York City (Ashley T. Cole, of New York City, of counsel), for defendant Welsbach Street-Lighting Co. of America.

---

COHALAN, J.   Application pendente lite for an injunction. The action was brought by a taxpayer of the city of New York against the water commissioner thereof and the Welsbach Street-Lighting Company of America as defendants.   Two forms of relief are prayed for: (1) That the water commissioner be restrained from paying any bills of the Welsbach Street-Lighting Company for rendering services in the lighting of the public streets of the borough of Manhattan for the current year in excess of the reasonable value of such services; and (2) that the Welsbach Street-Lighting Company of America be required to refund to the city of New York the sum of $46,340, which it is alleged represents money in excess of the amount earned by it under its contract with the city of New York for the year 1914.

The suit seems to resolve itself into a contest between the Public Lighting Service Corporation on the one side and the Welsbach Street-Lighing Company of America on the other.   They have been competitors for years, and the plaintiff herein is the secretary and treasurer of the Public Lighting Service Corporation, and his burden in this action is being carried by that company.   The only relief which the plaintiff on this motion demands is that the commissioner of water supply, gas, and electricity shall be enjoined from auditing and certifying for payment any bills heretofore presented by the Welsbach Street-Lighting Company for alleged services rendered by it in connection with the lighting of the public streets to the city of New York. The plaintiff asserts that the bills of the Welsbach Street-Lighting Company are excessive and extortionate; that they have been brought about by the official misconduct, bad faith, and fraud of the defendant Williams in his official capacity; and that there is grave danger that these bills will be audited, approved, and certified by this officer to the great damage of the city.

Since the 7th day of December, 1914, the commissioner of water supply, gas, and electricity of the city has advertised three times for sealed bids in the matter of installing and maintaining incandescent street lamps in the borough of Manhattan.   In response to the advertised proposals two bids only were submitted, one by the Public Lighting Service Corporation and the other by the Welsbach Street-Lighting Company.   The repeated advertising for bids was due, according to the commissioner, to the fact that he was not satisfied with respect to the standing and responsibility of the Public Lighting Service Corportion and its representatives, although it appeared to be the lower of the two bidders for the work and had given the bond required by the law.   However, on the 22d day of July, 1915, the contract was awarded to the Public Lighting Service Corporation.   That company now complains that it has not been permitted to commence its work under the provisions of the contract, because the municipal art commission has not as yet given its approval of the style of lamp which is to be placed upon the city's lamp shafts.   In the meantime lighting service is being furnished to the city by the Welsbach Street-Lighting Company.

The plaintiff contends that this company is overcharging the city, and that the reasonable value of its service does not exceed 75 cents per lamp per month, and asks that the city be enjoined from paying any moneys in excess of that sum. It is significant to observe that the Public Lighting Service Corporation, in its three opportunities to bid for the contract in the borough of Manhattan, in no instance made its bid less than 93 cents per lamp per month, and one bid was as high as 95 cents. In the opposing papers it appears from the affidavit of Commissioner Williams that the Welsbach Street-Lighting Company has submitted no bills for services rendered during the year 1915. When that company does submit bills for services, they must be presented to the comptroller in the form of claims, owing to the fact that the service which is being rendered at the present time is not in pursuance of the terms of a contract, as required by law. The charter of the city requires that all claims against the city, unless provision is otherwise made, must first be audited by the auditors of the comptroller's office, and when so audited a warrant shall be drawn on the chamberlain by the comptroller and countersigned by the mayor.

There is no provision which authorizes the commissioner of water supply, gas, and electricity either to audit or pay moneys which the provisions of any restraining order could affect. To maintain a taxpayer's action, waste or injury to the public funds must be shown. The moving papers do not show that the plaintiff is being injured, or that the city funds are being wasted, or that there is not an adequate remedy in law. People v. Canal Board, 55 N. Y. 394; Livingston v. Sage, 95 N. Y. 289; Stockton v. City of Buffalo, 108 App. Div. 170, 95 N. Y. Supp. 509. All the material allegations in the papers of the plaintiff have been denied by the defendants, and I am constrained to hold that it would be improper, under the circumstances and before a trial, to make a restraining order on this application. The plaintiff has not established a clear, legal, and equitable right to the relief demanded, or any part of it, with the affidavits conflicting upon the facts. A situation where the plaintiff apprehends injurious consequences to himself, but which neither actually exists nor is threatened by the defendants. is not a sufficient ground for an injunction.

Motion denied.